IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSHUA SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-47 |
| | § | |
| SHELLPOINT MORTGAGE SERVICING, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a) and Local Rule 81, Defendant Shellpoint Mortgage Servicing removes this action from the 430th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas and as grounds for its removal respectfully shows the Court as follows:

### I.    STATE COURT ACTION

1. On December 29, 2022, Plaintiff Joshua Salazar filed Plaintiff's Original Petition and Application for Temporary Restraining Order in the 430th Judicial District of Hidalgo County, Texas styled *Joshua Salazar v. Shellpoint Mortgage Servicing* (the "State Court Action").

2. Defendant has not been served with process in the State Court Action. Thus, removal is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not elapsed since Defendant was served with the Citation and Petition.

### II.   PROCEDURAL REQUIREMENTS

3. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441(a).

4.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by true and correct copies of the following:

| | |
|---|---|
| **Exhibit A** | Index of Exhibits to Defendant's Notice of Removal |
| **Exhibit B** | Copy of the State Court Docket Sheet |
| **Exhibit C** | All Pleadings and Process from State Court, including: |
| **Exhibit C1** | Plaintiff's Original Petition and Application for Temporary Restraining Order, filed December 29, 2022; |
| **Exhibit C2** | Temporary Restraining Order, entered December 29, 2022; and |
| **Exhibit C3** | Defendant's Original Answer, filed February 9, 2023 |
| **Exhibit D** | Counsel of Record |
| **Exhibit E** | Declaration of Lauren N. Beverly |
| **Exhibit E1** | Printout from the Hidalgo County Appraisal District Website, dated February 9, 2023 |
| **Exhibit F** | Defendant's Rule 7.1 Disclosure Statement |

5.  Defendant is simultaneously filing a copy of this Notice of Removal in the 430th Judicial District of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

6.  This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   There is complete diversity of the parties.**

7.  Plaintiff is a citizen of Texas.

8.  Shellpoint Mortgage Servicing is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the

citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member. Its sole member is Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members—NRM Acquisition LLC and NRM Acquisition II LLC—both of which are Delaware limited liability companies. They each have just one member. New Residential Mortgage LLC, a Delaware limited liability company, is the sole member of both NRM Acquisition LLC and NRM Acquisition II LLC. New Residential Mortgage LLC has one member. Its sole member is Rithm Capital Corp., fka New Residential Investment Corp., a Delaware corporation with its principal place of business in New York. As a result, Defendant is a citizen of Delaware and New York.

9. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and New York, complete diversity of the parties exists.

**B.     The amount in controversy exceeds $75,000.**

10. Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Cov. Of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

11. Plaintiff seeks injunctive relief to prevent Defendant from foreclosing on the property located at 606 Baily Drive, San Juan, Texas 78589 ("Property"). "In actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage*, 737 F.3d 338, 341 (5th Cir.

2013). "The purpose of the injunctive . . . relief, to stop the foreclosure sale of the [Property] by [Defendant], establishes the [Property] as the object of the present litigation." *Id.*; *see also Contreras v. SFMC, Inc.*, No. 3:14-CV-2340-B, 2015 WL 71001, at *7 (N.D. Tex. Jan. 6, 2015) ("In the case of suits seeking to prevent . . . the foreclosure of property, the Fifth Circuit has held that the amount in controversy is the value of the property that is the object of the litigation.").

12.     Therefore, the measure of the amount in controversy in this matter is the value of the Property. In determining how to value the Property, the amount in controversy requirement may be satisfied if the fair market value of the Property, as indicated by the tax assessor's appraisal, exceeds $75,000. *See Valadez v. Bank of America, N.A. et al.*, No. SA-13-CA-271-XR, 2013 WL 3559145 at *3 (W.D. Tex. July 11, 2013); *Zavala v. M & T Trust Company,* No. SA–11–CV–956–XR, 2011 WL 6739614, at *2 (W.D. Tex. Dec.22, 2011).

13.     According to the Hidalgo County Appraisal District, the Property's fair market value is $176,959. Thus, pursuant to the precedent cited above, Plaintiff has placed at issue an amount in controversy of at least $176,959, well in excess of the $75,000 minimum requirement. As a result, the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## CONCLUSION

14.     Removal of this action is proper under 28 U.S.C. § 1441. This is a civil action brought in a state court, and the federal district courts have jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.

Therefore, Defendant removes this action from the 430th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Lauren N. Beverly*
Jeremy J. Overbey
Texas Bar I.D. 24046570
*joverbey@settlepou.com*

Lauren N. Beverly
Texas Bar I.D. 24073922
*lbeverly@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on February 9, 2023, by the manner indicated upon the following persons:

<u>Via ECF</u>
Itzel Martinez Santos
THE LAW OFFICES OF MARTINEZ & MARTINEZ, PLLC
310 S. St. Mary's Street, Suite 980
San Antonio, Texas 78205
*Attorneys for Plaintiff*

*/s/ Lauren N. Beverly*
Lauren N. Beverly

DMS-#975228